DAVID I. DALBY SBN: 114750
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:   415-834-9070

Attorneys for Defendant
GC SERVICES LIMITED PARTNERSHIP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| GREG STRAIN,<br><br>    Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br><br>    Defendants. | Case No.  2:15-cv-00056-JAM-KJN<br><br>**NOTICE TO PLAINTIFF GREG STRAIN OF ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**<br><br>Complaint Filed:  December 10, 2014 |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

Defendant, GC SERVICES LIMITED PARTNERSHIP, by and through its attorneys Hinshaw & Culbertson LLP, hereby gives notice to Plaintiff of the following orders of the Court:

- Order Setting Initial Case Management Conference and ADR Deadlines
- Standing Order for All Judges of the Eastern District of California
- Civil Standing Order for Magistrate Judge John A. Mendez
- Discovery Standing Order for Magistrate Judge John A. Mendez

///

1

NOTICE TO PLAINTIFF GREG STRAIN OF ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES

3423365v1 0967561

1  DATED: January 12, 2015        HINSHAW & CULBERTSON LLP

                                  /s/ David I. Dalby

                                  DAVID I. DALBY
                                  Attorneys for Defendant
                                  GC SERVICES LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG STRAIN, | NO. 2:15−CV−00056−JAM−KJN |
| Plaintiff, | |
| vs. | ORDER REQUIRING JOINT STATUS REPORT |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

This action has been assigned to District Judge John A. Mendez. Pursuant to the provisions of Fed. R. Civ. P. 16 and 26, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff(s) shall complete service of process on all parties within one hundred twenty (120) days of the date of filing of the complaint.

2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk a certificate reflecting such service.

3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each

//////

of the other parties named herein, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk a certificate reflecting such service.

4. Within sixty (60) days of service of the complaint on any party, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the Court a joint status report that includes the Rule 26(f) discovery plan. The status report shall address the following matters:

    a. The nature of the case;

    b. Progress in the service of process;

    c. Possible joinder of additional parties;

    d. Any expected or desired amendment of pleadings;

    e. Jurisdiction and venue;

    f. Anticipated motions and the scheduling of motions;

    g. Anticipated discovery and the scheduling of discovery, including:

        (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

        (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

        (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and

        (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).

    h. Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial;

    i. Appropriateness of special procedures;

    j. Estimate of trial time;

/////

k. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

l. Whether the case is related to any other case, including any matters in bankruptcy;

m. Whether a settlement conference should be scheduled; and

n. Any other matters that may add to the just and expeditious disposition of this matter.

5. The Court, upon review of the joint status report may:

a. Issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report; or

b. By minute order, set a status conference to be held either by telephone or in chambers.

6. In cases involving public traded companies, the parties shall request Judge Mendez's recusal list by contacting Harry Vine at (916) 930-4091 or via Email at hvine@caed.uscourts.gov. In addition, any nongovernmental corporate party to an action assigned to Judge Mendez shall file with the joint status report a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock. A party shall supplement the statement within a reasonable time of any change in the information.

DATE: January 8, 2015

JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

by: /s/ L. Reader
Deputy Clerk

3

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk
501 I Street, Room 4–200
Sacramento, CA 95814

Office of the Clerk
2500 Tulare Street, Suite 1501
Fresno, CA 93721

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

GREG STRAIN,
        Plaintiff(s)/Petitioner(s),

vs.

        CASE NO. 2:15-CV-00056-JAM-KJN

GC SERVICES LIMITED PARTNERSHIP,
        Defendant(s)/Respondent(s).

---

**IMPORTANT**

**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT** TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

                           Print Name: _____
                           ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                           Counsel for_____*

---

☐ **DECLINE** OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

                           Print Name: _____
                           ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                           Counsel for_____*

---

*If representing more than one party, counsel must indicate the name of each party responding.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREG STRAIN,

        Plaintiff(s),

vs.

GC SERVICES LIMITED PARTNERSHIP,

        Defendant(s).

Case No. 2:15−CV−00056−JAM−KJN

ORDER RE FILING REQUIREMENTS FOR CASES ASSIGNED TO JUDGE MENDEZ

    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions under Federal Rule of Civil Procedure 56 and 65 and any post−judgment or post−trial motions are limited to twenty−five (25) pages, and reply memoranda are limited to ten (10) pages. Memoranda of law in support of and in opposition to all other motions are limited to fifteen (15) pages, and reply memoranda are limited to five (5) pages. The parties are also cautioned against filing multiple briefs to circumvent this rule. A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page and the Court will not consider any arguments made past the page limit.

    Documentary evidence submitted in support of or in opposition to a motion must be separately bound or placed in a binder, and exhibits must be separated with labeled tabs that extend beyond the edge of the page. An Index of exhibits must also be included.

In any case where the parties are represented by counsel, counsel contemplating the filing of any motion, except those in connection with discovery motions (which are governed by Local Rule 251(b)), applications for temporary restraining orders or preliminary injunctions, or motions made in prisoner actions (which are governed by Local Rule 230(l)), shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution.

If the proposed motion must be filed within a specified period of time under the Federal Rules of Civil Procedure (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion.

If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to the Court's standing order which took place on [date of conference]."

IT IS SO ORDERED.

DATED: January 8, 2015

/s/ John A. Mendez
United States District Judge

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street, Suite 4-200
Sacramento, CA 95814
(916) 930-4278

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street, Suite 1501
Fresno, CA 93721
(559) 499-5600

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREG STRAIN,

    Plaintiff(s)

v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant(s)

NO: 2:15-CV-00056-JAM-KJN

STIPULATION TO ELECT REFERRAL OF ACTION TO VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP) PURSUANT TO LOCAL RULE 271

Pursuant to Local Rule 271, the parties hereby agree to submit the above-entitled action to the Voluntary Dispute Resolution Program.

DATED: **JANUARY 8, 2015**

_____
Name:
Attorney for Plaintiff(s)

_____
Name:
Attorney for Defendant(s)